UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RICKEY TODD MAJOR,

      Petitioner,

vs.

E.K. McDANIEL, *et al.*,

      Respondents.

_____/

3:99-cv-00237-LRH-RAM

**ORDER**

Introduction

In this habeas corpus action, the respondents have filed a motion to dismiss (docket #66), arguing that several claims in the amended habeas petition are unexhausted in state court and that several claims have been procedurally defaulted. Petitioner has filed an opposition to the motion to dismiss (docket #69). Respondents have replied (docket #70).

The Court will grant the motion to dismiss in part, and deny it in part. The Court will dismiss Grounds 16 and 17(n), as moot; in all other respects, the motion to dismiss will be denied.

Background

The petitioner, Rickey Todd Major, is serving two consecutive sentences of life in prison without the possibility of parole, on convictions of first degree murder with the use of a

deadly weapon. *See* Amended Petition (docket #14), p. 2. The judgment of conviction was entered, in Nevada's Fourth Judicial District Court, on May 1, 1996. Exhibit 207 (judgment).[1] Petitioner's convictions were for the killing of his common law wife, who disappeared on April 16, 1988.

Petitioner appealed to the Nevada Supreme Court. Exhibit 208 (notice of appeal); Exhibit 212 (opening brief); Exhibit 216 (reply brief). That appeal was unsuccessful. The Nevada Supreme Court dismissed the appeal on September 3, 1998. Exhibit 233 (order dismissing appeal).

While his appeal from the judgment of conviction was pending, on March 20, 1997, petitioner filed, in the state district court, a motion for new trial, contending that he had discovered new evidence regarding a conflict of interest on the part of his trial counsel. Exhibit 218 (motion for new trial). The state district court denied that motion on May 16, 1997. Exhibit 224. Petitioner appealed from the order denying the motion for new trial. Exhibit 225 (notice of appeal); Exhibit 229 (opening brief); Exhibit 231 (reply brief). That appeal was also unsuccessful. The Nevada Supreme Court dismissed the appeal on July 28, 1998. Exhibit 236 (order dismissing appeal); Exhibit 238 (corrected order dismissing appeal).

On November 3, 1998, petitioner filed a petition for writ of habeas corpus in the state district court. Exhibit 241 (state-court habeas petition); 251 (amended state-court habeas petition). An evidentiary hearing was held on that petition on December 5, 2003 and January 13, 2004. Exhibits 282, 283 (transcripts of hearing). The petition was dismissed December 20, 2004. Exhibit 302. Petitioner appealed. Exhibit 312 (opening brief). The Nevada Supreme Court affirmed on October 19, 2006. Exhibit 318.

During the course of the state habeas proceedings, the state district court, addressing a claim that petitioner had not waived his right to be sentenced by the jury that found him guilty, directed petitioner's counsel to file a motion to correct an illegal sentence. That motion was filed, and it was granted. Exhibit 284 (motion to correct illegal sentence); Exhibit 287 (order granting

---

[1] Unless otherwise stated, the exhibits referred to in this order were filed by petitioner, and are located in the record at docket numbers 17-20, 22-30, and 49-59.

1  motion). A new sentencing was set to be conducted before a jury; however, on the morning that the
2  sentencing-hearing was to commence, petitioner waived the re-sentencing before the jury and
3  stipulated to be sentenced by the court. Exhibit 298 (stipulation); Exhibit 299 (transcript of
4  canvass). Petitioner was again sentenced to two consecutive terms of life in prison without the
5  possibility of parole. Exhibits 300, 304 (transcripts of sentencing hearing). Petitioner appealed
6  regarding the new sentence. Exhibit 310 (opening brief). The Nevada Supreme Court affirmed on
7  July 5, 2006. Exhibit 316.

8  On April 27, 1999, petitioner initiated this federal habeas action, *pro se*. The Court
9  appointed counsel for petitioner (docket #4). With counsel, petitioner filed an amended habeas
10 petition (docket #14) on March 17, 2000.

11 On April 2, 2001, on a motion to dismiss, the Court found several of the claims in the
12 amended habeas petition to be unexhausted in state court (docket #42). The Court gave petitioner
13 the option of either abandoning the unexhausted claims or voluntarily dismissing the action without
14 prejudice in order to return to state court to exhaust the unexhausted claims. The Court denied
15 petitioner's request that this action be stayed, noting that there was pending state litigation that tolled
16 the statute of limitations. Petitioner chose to dismiss this action in order to return to state court
17 (docket #45). Therefore, on December 27, 2001, the case was dismissed without prejudice, without
18 entry of judgment, and subject to reopening (docket #47).

19 On January 30, 2007, the Court entered an order granting a motion by petitioner to
20 reopen the case, and ordering the case reopened (docket #61).

21 On June 28, 2007, respondents filed the motion to dismiss that is now before the
22 Court (docket #66). Petitioner filed an opposition on September 28, 2007 (docket #69), and
23 respondents replied on October 12, 2007 (docket #70).

24 In the motion to dismiss, respondents assert that Grounds 5, 10, 11, 12, 13, 14, 16,
25 and Grounds 17(b), (d), (g), (h), (i), (j), (l), and (n) are still unexhausted in state court, and, in the
26

3

alternative, that Grounds 5, 10, 11, 12, 14, and 16 are procedurally barred. Respondents also argue that Ground 16 is moot.

Mootness of Claims

The parties appear to agree that Ground 16 is moot. *See* Motion to Dismiss, p. 19; Opposition to Motion to Dismiss, p. 2, footnote 2. Also, petitioner concedes that Ground 17(n) is moot. Opposition to Motion to Dismiss, p. 2, footnote 2. Therefore, the Court will dismiss Grounds 16 and 17(n) as moot.

Exhaustion

    A.    Exhaustion Standards

A federal court may not grant relief on a habeas claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion doctrine is based on the policy of federal-state comity, and is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971).

To exhaust a claim, a petitioner must fairly present that claim to the State's highest court, and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995)(*per curiam*); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The "fair presentation" requirement is satisfied when the claim has been presented to the highest state court by describing the operative facts and the legal theory upon which the federal claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).

To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). The mere similarity of claims of state and federal error is insufficient

to establish exhaustion. *Hiivala*, 195 F.3d at 1106, *citing Duncan*, 513 U.S. at 366; *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

        B.     <u>Ground 5</u>

In Ground 5 of his amended petition, petitioner claims:

> Major's conviction and sentence are invalid under the federal constitutional guarantees fo due process, equal protection, trial before an impartial jury and a reliable sentence because the testimony of the unqualified state expert witness was not reliable and her conclusions were not based on approved methods that could be tested by other experts in her field. U.S. Const. Amends. V, VI, VIII & XIV.

Amended Petition (docket #14), p. 16. The expert who is the subject of Ground 5 was Dr. Sheilagh Brooks, an anthropologist who testified for the prosecution. *See id.* at 16-17. In the amended petition filed March 17, 2000, before his last round of state habeas proceedings, petitioner conceded that Ground 5 was unexhausted in state court. *Id*. at 17. The question, therefore, is whether petitioner exhausted this claim during his last state habeas proceedings.

Petitioner raised a claim very similar to Ground 5 in the habeas petition he filed in the state district court on April 10, 2000. *See* Exhibit 251, pp. 12-13.

On the appeal from the denial of his state habeas petition, the organization of petitioner's opening brief suggested that petitioner raised only issues of claimed ineffective assistance of counsel. *See* Exhibit 312, p. 11.[2] However, in the body of the brief, petitioner appeared to raise the claim regarding Dr. Brooks' qualifications and the reliability of her testimony and conclusions. *See id*. at 16-18. While not artfully accomplished, the Court does find that petitioner did exhaust Ground 5 on the appeal from the denial of his last state habeas petition.

---

[2] The pages of the opening brief are not numbered. The Court's citations of that document consider the page numbering to start with the caption page as page 1.

C. Ground 10

In Ground 10, petitioner claims:

> Major's conviction and sentence are invalid under the federal constitutional guarantees of due process, equal protection, trial before an impartial jury and a reliable sentence because the reasonable doubt instruction given during the trial improperly minimized the State's burden of proof. U.S. Const. Amends. V, VI, & VIII.

Amended Petition, p. 22. Petitioner conceded in his amended petition that, as of March 17, 2000, Ground 10 was unexhausted in state court.

In his April 10, 2000 state habeas petition, petitioner raised a claim very similar to Ground 10. *See* Exhibit 251, pp. 15-16. In his opening brief on appeal, petitioner raised this claim. *See* Exhibit 312, p. 20, lines 7-11. Ground 10 is exhausted.

D. Ground 11

In Ground 11, petitioner claims:

> Major's conviction and sentence are invalid under the federal constitutional guarantees of due process, equal protection, trial before an impartial jury and a reliable sentence because the premeditation and deliberation and malice instructions given during the trial improperly minimized the State's burden of proof. U.S. Const. Amends. V, VI, & VIII.

Amended Petition, p. 23. Petitioner conceded in his amended petition that, as of March 17, 2000, Ground 11 was unexhausted in state court.

In his April 10, 2000 state habeas petition, petitioner raised a claim very similar to Ground 11. *See* Exhibit 251, pp. 16-17. In his opening brief of appeal, petitioner raised this claim. *See* Exhibit 312, p. 20, lines 12-16. Ground 11 is exhausted.

E. Ground 12

In Ground 12, petitioner claims:

> Petitioner's conviction is invalid under the federal constitutional guarantees of due process, equal protection, trial before an impartial jury and a reliable sentence due to the substantial and injurious effect of a consistent pattern of prosecutorial misconduct and overreaching which distorted the fact finding process and rendered the trial and sentencing hearing fundamentally unfair. U.S. Const. Amends. V, VI, & XIV.

Amended Petition, p. 26.   Petitioner conceded in his amended petition that, as of March 17, 2000, Ground 12 was unexhausted in state court.

In his April 10, 2000 state habeas petition, petitioner raised a claim very similar to Ground 12.  *See* Exhibit 251, pp. 17-18.  In his opening brief of appeal, petitioner raised this claim. *See* Exhibit 312, pp. 20-21.  Ground 12 is exhausted.

### F.   Ground 13

In Ground 13, petitioner claims:

> Major's conviction is invalid under the federal constitutional guarantees of due process and a fair trial due to the unfairly prejudicial atmosphere in which his trial took place.  U.S. Const. Amends. V, VI, & XIV.

Amended Petition, p. 27.  Petitioner conceded in his amended petition that, as of March 17, 2000, Ground 13 was unexhausted in state court.

In his April 10, 2000 state habeas petition, petitioner raised a claim very similar to Ground 13.  *See* Exhibit 251, pp. 17-18.   In his opening brief of appeal, petitioner raised this claim. *See* Exhibit 312, p. 21, lines 4-9.  Ground 13 is exhausted.

### G.   Ground 14

In Ground 14, petitioner claims:

> Petitioner's conviction is invalid under the federal constitutional guarantees of due process right to counsel and freedom from self-incrimination because law enforcement officials obtained various statements from petitioner in the absence of a voluntary, knowing and intelligent waiver of his constitutional rights.  U.S. Const. Amends. V, VI, & XIV.

Amended Petition, p. 28.   Petitioner conceded in his amended petition that, as of March 17, 2000, Ground 14 was unexhausted in state court.

In his April 10, 2000 state habeas petition, petitioner raised a claim very similar to Ground 14.  *See* Exhibit 251, p. 19.   In his opening brief of appeal, petitioner raised this claim. *See* Exhibit 312, p. 21, lines 10-19.  Ground 14 is exhausted.

H.     Ground 16

Because Ground 16 is moot, and will be dismissed for that reason (*see* discussion, *supra*, p. 4), the Court need not reach respondents' argument that Ground 16 is unexhausted.

I.     Grounds 17(b), (d), (g), (h), (I), (j), (l), and (n)

In Ground 17, petitioner claims that his constitutional rights were denied because he received ineffective assistance from his trial counsel. Ground 17 is divided into 18 parts, designated Grounds 17(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k), (l), (m), (n), (o), (p), (q), and (r). Respondents argue that Grounds 17(b), (d), (g), (h), (i), (j), (l), and (n) are unexhausted in state court.

The crux of respondents' argument is that, although petitioner presented essentially the same claims to the state district court in his state habeas petition, petitioner did not fully reiterate the claims in his opening brief before the Nevada Supreme Court. Respondents argue that, because certain facts were left out in the statement of the claims on appeal, the claims, as fully set out now in this case, are not exhausted.

The Court need not reach respondents' argument regarding Ground 17(n), because that claim is moot (*see* discussion, *supra*, p. 4), and will be dismissed for that reason.

The Court finds Grounds 17(b), (d), (g), (h), (i), (j), and (l) to be exhausted. Petitioner fairly presented those claims to the Nevada Supreme Court. The factual details in the amended petition in this case (and in the state habeas petition (Exhibit 251)), but not in petitioner's opening brief before the Nevada Supreme Court, do not fundamentally alter the claims. *See Lopez v. Schriro*, 491 F.3d 1029, 1040 (9th Cir. 2007).

Procedural Default

A.     Procedural Default Standards

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and

adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

Even if a state court decision reaches the merits of a claim, basing its ruling primarily on federal law, federal habeas corpus review is procedurally barred "as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *see also Coleman*, 501 U.S. at 736; *Loveland v. Hatcher*, 231 F.3d 640, 643-44 (9th Cir. 2000).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

With respect to the prejudice prong of cause and prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

B. <u>Ground 5</u>

On the appeal from the denial of petitioner's last state habeas petition, the Nevada

Supreme Court ruled that petitioner's "claims regarding the State's expert witness's qualifications and methods ... were waived by appellant's failure to present them to the trial court and/or raise them in his direct appeal." Order of Affirmance, Exhibit 318, pp. 2-3, footnote 3. The court cited NRS 34.810(1)(b) as the source of the authority for the procedural default. *See id*. Ground 5 was procedurally defaulted in state court.

        C.     <u>Ground 10</u>

On the appeal from the denial of petitioner's last state habeas petition, the Nevada Supreme Court ruled that petitioner's "claims regarding ... erroneous and/or unfair jury instructions ... were waived by appellant's failure to present them to the trial court and/or raise them in his direct appeal." Order of Affirmance, Exhibit 318, pp. 2-3, footnote 3 (citing NRS 34.810(1)(b)). Ground 10 was procedurally defaulted in state court.

        D.     <u>Ground 11</u>

On the appeal from the denial of petitioner's last state habeas petition, the Nevada Supreme Court ruled that petitioner's "claims regarding ... erroneous and/or unfair jury instructions ... were waived by appellant's failure to present them to the trial court and/or raise them in his direct appeal." Order of Affirmance, Exhibit 318, pp. 2-3, footnote 3 (citing NRS 34.810(1)(b)). Ground 11 was procedurally defaulted in state court.

        E.     <u>Ground 12</u>

On the appeal from the denial of petitioner's last state habeas petition, the Nevada Supreme Court ruled that petitioner's "claims regarding ... prosecutorial misconduct ... were waived by appellant's failure to present them to the trial court and/or raise them in his direct appeal." Order of Affirmance, Exhibit 318, pp. 2-3, footnote 3 (citing NRS 34.810(1)(b)). Ground 12 was procedurally defaulted in state court.

        F.     <u>Ground 14</u>

On the appeal from the denial of petitioner's last state habeas petition, the Nevada Supreme Court ruled that petitioner's "claims regarding ... coerced and/or involuntary statements to

investigators were waived by appellant's failure to present them to the trial court and/or raise them in his direct appeal." Order of Affirmance, Exhibit 318, pp. 2-3, footnote 3 (citing NRS 34.810(1)(b)). Ground 14 was procedurally defaulted in state court.

### G.  Ground 16

Because Ground 16 is moot, and will be dismissed for that reason (*see* discussion, *supra*, p. 4), the Court need not reach respondents' argument that Ground 16 is procedurally defaulted.

### H.  Adequacy of Procedural Bar

"In order to constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

In *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003), the court of appeals announced a burden-shifting test to be applied in analyzing the adequacy of a state procedural bar. Under *Bennett*, the State carries the initial burden of adequately pleading "the existence of an independent and adequate state procedural ground as an affirmative defense." *Bennett*, 322 F.3d at 586. The burden then shifts to the petitioner "to place that defense in issue," which the petitioner may do "by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner meets this burden, "the ultimate burden" of proving the adequacy of the state bar rests with the State, which must demonstrate "that the state procedural rule has been regularly and consistently applied in habeas actions." *Id*.

In their motion to dismiss, respondents assert the existence of an adequate and independent procedural bar. In his response, petitioner argues that NRS 34.810(2) is not an adequate procedural bar; he argues that at the time of the default in this case – in 1996, according to petitioner – the Nevada courts did not consistently apply NRS 34.810(2), but, rather, at times overlooked that provision. *See* Opposition to Motion to Dismiss, pp. 6-8. Petitioner makes this argument by

pointing to previous rulings by federal and state courts regarding the adequacy of NRS 34.810(2). In reply, respondents likewise point to previous rulings regarding the adequacy of NRS 34.810(2), asserting that those rulings demonstrate that NRS 34.810(2) has been regularly and consistently applied.

Contrary to petitioner's argument, respondents show that the Ninth Circuit Court of Appeals has held that, at least in non-capital cases, NRS 34.810(2) is consistently applied by the Nevada courts, and is adequate to function as a procedural bar. *See Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999) ("Thus, Nevada follows a strict rule: A petitioner must raise all claims in his first habeas petition in order to avoid the penalty of procedural default."), *cert. denied*, 529 U.S. 1073 (2000); *see also Petrocelli v. Angelone*, 248 F.3d 877, 886 (9th Cir. 2001) (distinguishing capital and non-capital cases); *Valerio v. Crawford*, 306 F.3d 742, 776-77 (9th Cir. 2002) (*en banc*) (same); *Vang v. Nevada*, 329 F.3d 1069, 1074 n. 3 (9th Cir. 2003) (same).

The Court finds that respondents have met their burden, and have adequately refuted petitioner's claim that NRS 34.810(2) is inadequate to support a procedural default. On this record, the Court must follow the Ninth Circuit precedent cited above, and rule that, at the relevant time, NRS 34.810(2)(b) was regularly and consistently applied.

The Nevada Supreme Court's ruling that Grounds 5, 10, 11, 12, and 14 were procedurally barred under NRS 34.810(2)(b) was an independent and adequate ground, such as to support a procedural default.

        I.      <u>Cause and Prejudice</u>

Petitioner also asserts that there was cause and prejudice with respect to the procedural default of Grounds 5, 10, 11, 12, and 14, such that this Court should reach the merits of those claims. *See* Opposition to Motion to Dismiss, pp. 8-9. Specifically, petitioner claims that ineffective assistance of his appellate counsel, in not raising Grounds 5, 10, 11, 12, and 14 on his direct appeal, was the cause of the procedural default. *Id*.

Ineffective assistance of counsel may satisfy the cause requirement to overcome a

procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Id*. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). It appears that petitioner's claims of ineffective assistance of his appellate counsel have been exhausted, and not procedurally defaulted, in state court. It is, therefore, at least possible that petitioner may be able to show cause and prejudice stemming from his appellate counsel's performance.

However, the questions whether petitioner's appellate counsel was ineffective, and whether petitioner was prejudiced by errors of his appellate counsel, will involve an evaluation of the merits of Grounds 5, 10, 11, 12, and 14. Because the cause-and-prejudice issues and the merits are so closely related, the Court will not address the issue of cause and prejudice regarding the procedural default of Grounds 5, 10, 11, 12, and 14, until the amended petition is fully briefed.

The Court will set a schedule for the respondents to file an answer, *responding to all the remaining claims in the amended habeas petition on their merits*. In addition, with respect to Grounds 5, 10, 11, 12, and 14, respondents may reassert their procedural default defense, addressing the question whether ineffective assistance of petitioner's appellate counsel might be a source of cause and prejudice with respect to the procedural default of those claims, such that the Court should reach their merits. Petitioner will be granted an opportunity to reply.

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (docket #66) is **GRANTED IN PART AND DENIED IN PART**. Grounds 16 and 17(n) are **DISMISSED**. In all other respects, the motion to dismiss is denied. With respect to Grounds 5, 10, 11, 12, and 14, the denial of the motion to dismiss is without prejudice to respondents reasserting the procedural default defense in their answer.

**IT IS FURTHER ORDERED** that respondents shall have until and including **July 11, 2008**, to file and serve an answer, responding to all the remaining claims in the amended

habeas petition (docket #14). After respondents file their answer, petitioner shall have 45 days to file and serve a reply.

Dated this 15th day of April, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE